UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED CHISOM,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. MEYERS,<br><br>    Defendant. | Case No. C04-5583RJB<br><br>ORDER DENYING COUNSEL AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |

  This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on plaintiff's motion for counsel. (Dkt. # 31).

  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

  It appears that this case does not involve exceptional circumstances which warrant appointment of

ORDER
Page - 1

counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED**.

This action was commenced on September 14th, 2004. The only named defendant is Dr. Meyers. Dr. Meyers is dead. (Dkt. # 29). No defendant was ever served. Plaintiff shall have 30 days to show cause why this action should not be dismissed as it does not appear the action can continue in light of the defendants death prior to service.

The clerk is directed to send a copy of this Order to plaintiff and to note a calendar date 30 days from the date this order is signed..

DATED this 22nd day of July, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2