UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

                Plaintiff,

      v.

DR. MEYERS,

                Defendant.

Case No.  C04-5583RJB

ORDER DENYING ALL PENDING MOTIONS

      This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's response to an order to show cause and his motion to amend.  (Dkt. # 33 and 34).

      The defendant in this action, Dr. Meyers, died prior to service.  The court entered an order to show cause why the action should not be dismissed.  (Dkt. # 32).  In response plaintiff asks to be allowed to name the state as a defendant and indicates he believes Dr. Meyers to have been deliberately indifferent and biased.  (Dkt. # 33 and 34).

      Plaintiff cannot sue the state in a federal civil rights action for damages.  Neither states nor state officials acting in their official capacities are persons for purposes of 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989).  This rule applies equally to state agencies.  See Kaimowitz v. Board of Trustees of the Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1991); Johnson v. Rodriguez, 943

ORDER
Page - 1

1 F.2d 104, 108 (1st Cir. 1991).  Because they are not persons within the meaning of § 1983, plaintiff can not
2 state a cause of action against these state agencies.

3     Plaintiff's claims against the state would also be barred by the Eleventh Amendment.  The Eleventh
4 Amendment to the United States Constitution bars a person from suing a state in federal court without the
5 state's consent.  See Seminole Tribe of Florida v. Florida 116 S.Ct. 1114, 1131 (1996); Natural Resources
6 Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421  (9th Cir. 1996).  Eleventh
7 Amendment immunity extends to state agencies.  Pennhurst State Sch. & Hosp. v. Holdeman, 465 U.S. 89,
8 101-102(1984). Eleventh Amendment immunity is not automatically waived in actions brought under 42
9 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332 (1979).  Washington has not waived the protection of the
10 Eleventh Amendment.  Edgar v. State, 92 Wn.2d 217 (1979).  Accordingly, the motion to amend is
11 without merit and is **DENIED.**

12     The clerk is directed to send a copy of this Order to plaintiff.

14     DATED this 29th day of August 2005.

20                                     Karen L. Strombom
                                    United States Magistrate Judge

ORDER
Page - 2