UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED CHISOM,<br><br>           Plaintiff,<br><br>      v.<br><br>OFFICER MYERS,<br><br>           Defendant. | Case No. C04-5583RJB<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of Judge Karen L. Strombom (Dkt. 36) and the Plaintiff's Objection to Report and Recommendation (Dkt. 38). The court has reviewed the Report and Recommendation, the plaintiff's objections, and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2004, the plaintiff brought suit against Dr. Richard K. Meyers, a dentist who worked at Clallam Bay Correction Center and who Mr. Chisom alleges was deliberately indifferent to his medical needs. On April 20, 2005, the Attorney General's Office advised the court that Dr. Meyers was deceased as of September of 2004. Dkt. 29. Judge Strombom ordered Mr. Chisom to show cause why the case should not be dismissed on the grounds that the only named defendant was deceased and no defendant had ever been served. Dkt. 32. In response, Mr. Chisom moved to amend the complaint to add the State of Washington and the Department of

1  Corrections as defendants. Dkt. 34. The motion was denied because the State of Washington is
2  immune from suit under the Eleventh Amendment and has not waived this immunity for actions
3  brought under 48 U.S.C. 1983 and because state agencies do not fall within the definition of
4  "persons" under Section 1983. Dkt. 35.
5       The Report and Recommendation recommends that the suit be dismissed on the grounds
6  that "[t]he death of Dr. Meyers leaves plaintiff with no viable defendant and amendment will not
7  cure the defect." Dkt. 36. Mr. Chisom's objections assert that he has attempted to rectify the issue
8  identified in the Order to Show Cause by naming the State and the Department of Corrections as
9  defendants and reasserts his factual allegations. Dkt. 38.

## II. DISCUSSION

11      To date, the plaintiff has failed to rectify the lack of a viable defendant as mandated by the
12 Order to Show Cause. Dkt. 32. There may still be other viable defendants, such as Dr. Meyers's
13 estate (if there is a probate proceeding pending), against whom the defendant may bring suit for
14 deliberate indifference. Because the plaintiff may still be able to rectify his complaint's
15 inadequacies, the court should not adopt the findings of the Report and Recommendation.
16      Before the court dismisses the plaintiff's complaint, he should be given a last opportunity
17 to rectify the inadequacies in his complaint.

## III. ORDER

19      Therefore, it is hereby
20      **ORDERED** that the matter is **RE-REFERRED** to Magistrate Judge Karen L.
21 Strombom.
22      The Clerk is directed to send uncertified copies of this Order to Magistrate Judge
23 Strombom, to all counsel of record, and to any party appearing *pro se* at said party's last known
24 address.
25      DATED this 19th day of October, 2005.

                                                      Robert J. Bryan
                                                      United States District Judge

ORDER
Page - 3