UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

    Plaintiff,

v.

ESTATE OF DOCTOR MEYERS, *et al.*,

    Defendants.

Case No. C04-5583 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
August 18, 2006**

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b) and Local MJR 3 and 4. Plaintiff contends that defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment and seeks punitive damages in the amount of $1 million. Before the court are the motions for summary judgment of Defendants Estate of Richard Meyers, D.D.S. (Dkt. # 69) and Sandra Carter. (Dkt. # 67).

## I. INTRODUCTION

    Plaintiff, Fred Chisom, is in the custody of the Washington State Department of Corrections (DOC) at the Washington Corrections Center Intensive Management Unit. Plaintiff was incarcerated at the Clallam Bay Corrections Center (CBCC) at the time of the events alleged in his

REPORT AND RECOMMENDATION - 1

Amended Complaint.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983, against Sandra Carter, the Superintendent of CBCC, and the Estate of Dr. Meyers.  Dr. Richard Meyers, who passed away prior to the date on which plaintiff filed his original Complaint in this matter, (Dkt. # 29), was a dentist who worked at CBCC.  Plaintiff alleges that he was scheduled for a follow-up root canal to correct an error made by Dr. Haight that resulted in the loss of a temporary filling.  According to Plaintiff, "the damage was vivid and . . . [he] was in pain too."  Plaintiff alleges that Dr. Meyers performed dental work on "unrelated teeth" and did not perform the "follow-up root canal."  Plaintiff further alleges that Dr. Meyers was deliberately indifferent to a serious medical need in violation of the Eighth Amendment and seeks punitive damages in the amount of $1,000,000.

## II.  FACTS

Except where noted, the following facts are uncontroverted by plaintiff.   Plaintiff was transferred to the Clallam Bay Corrections Center (CBCC) on May 9, 2001 (Dkt. # 67, Exh. 1, Attach. A).  On July 31, 2001, Plaintiff was seen for treatment in the CBCC dental clinic.  (Dkt. 67, Exh. 2).  On that date, plaintiff was treated by Dr. Haight.  A periapical x-ray was taken of tooth #20 (plaintiff's lower left bicuspid).  The x-ray "revealed that tooth #20 had a carious pulp exposure and needed a root canal."  (Id. at Exh. 3).

Dr. Haight medicated plaintiff's tooth and placed a temporary filling in the tooth so that a root canal could be performed at a later date.  Id.   On September 17, 2001, plaintiff had a dental appointment with Dr. Richard Meyers to begin root canal therapy on tooth #20.  (Id. at Exh. 2, 3).  On that date, Dr. Meyers placed amalgam fillings in teeth #2 and #3 (plaintiff's upper right molars).  (Id. at Exh. 2).

Dr. Meyers advised plaintiff that a root canal would take at least two appointments at least

REPORT AND RECOMMENDATION - 2

one week apart and because he worked at CBCC only once per month, Dr. Haight should begin and finish the root canal. (Id. at Exh. 3, Attach. B). According to Dr. Meyers' notations, plaintiff "was not in pain and consented to have other teeth filled on that day instead." (As noted below, plaintiff contests that he was not in pain and that he consented to have other work performed on that day). Dr. Meyers made a notation in Plaintiff's chart that his next appointment was for root canal therapy on tooth #20. (Id. at Exh. 2, Attach A).

Between September 17, 2001 and plaintiff's next scheduled dental appointment on October 8, 2001, plaintiff did not declare a dental emergency. (Id.) Although plaintiff was placed on call-out on October 8, 2001, for his root canal, he failed to appear for his dental appointment. ( Id).

Between October 1 and October 10, 2001, plaintiff submitted three separate grievances relating to the treatment provided by Dr. Meyers. (Id. at Exh. 4). These grievances were identified as Grievance Log I.D. Nos. 0120677, 0120810 and 0121557. In each of these grievances, plaintiff stated that he was seen by the dentist the prior month and that dentist put in a temporary filling and rescheduled him for a root canal. Plaintiff then complained that when he went to the dentist again, anticipating the root canal, the new dentist worked on other teeth and thereafter he developed a toothache. In each of these grievances, plaintiff asks for immediate attention to his dental needs. Each of the responses advised plaintiff that he had failed to appear for call-out on October 8, 2001, to have the root canal performed. Plaintiff did not appeal any of the Level I responses.[1]

On October 24, 2001, Plaintiff presented for a dental appointment with tobacco chew in his

---

[1] The response to Grievance Log. I.D. No. 0120677 incorrectly identifies the missed call-out date as October 4, 2001, rather than October 8, 2001. (Id. at Exh. 4, Attachment A).

REPORT AND RECOMMENDATION - 3

mouth. (Id. at Exh. 2). This was the third time plaintiff appeared for a dental appointment with chew in his mouth, despite admonishments from the staff that he would not be treated unless his mouth was free from tobacco. Plaintiff was advised that his appointment would have to be rescheduled and was directed to return to his unit. ( Id. at Exh. 3). On November 21, 2001, plaintiff cancelled his scheduled dental appointment because of a disagreement he had with the care provided by Dr. Haight and the dental assistant, Ms. Hunter. (Id. at Exh. 2). By letters dated December 12, 2001, and December 27, 2001, Acting Superintendent Sandra Carter responded to letters from plaintiff regarding his dental treatment. (Id. at Exh. 3, Exh. 4).

On January 22, 2002, more than four months after the appointment with Dr. Meyers, plaintiff submitted a grievance under Grievance Log I.D. No. 0201769, complaining that Dr. Meyers had lied about what transpired during the September 17, 2001, appointment. (Id. at Exh. 4, Attach. D). The grievance coordinator replied that plaintiff needed to submit additional information about how and when Dr. Meyers lied to the Superintendent. Plaintiff failed to submit any further information under this Grievance Log I.D. number. (Id).

On January 28, 2002, plaintiff submitted a kite asking to be removed from the call-out sheet for dental treatment. (Id. at Exh. 2, Attach. A). Plaintiff was next seen in the dental clinic on June 4, 2002, when the root canal on tooth #20 was started. (Id). The root canal was completed on June 24, 2002. Plaintiff failed to appeal any of his grievances to the next level. (Id. at Exh. 4).
(Dkt. # 67, pages 2-6).

**B.    Contested Issues**

Defendants seek summary dismissal of all of plaintiff's claims based on plaintiff's failure to exhaust his administrative remedies, to file his amended complaint within the applicable statute of limitations, to state a claim under the Eighth Amendment, to allege personal participation of Defendant

REPORT AND RECOMMENDATION - 4

Carter, and because both defendants as federal employees, are entitled to qualified immunity. Plaintiff disputes that he gave Dr. Meyers his consent to treat "unrelated teeth." He also claims that Dr. Meyers "lied to the superintendent" when he stated plaintiff gave him permission to treat these unrelated teeth, and that he was "in pain" when Dr. Meyers saw him. Plaintiff also contends that he exhausted his remedies, citing to grievance log I.D. Nos. 0222048 and 0222794, both of which were filed several months after the alleged incident and after completion of his root canal procedure. However, the record is clear that none of the grievances filed by plaintiff and made reference to in this action were followed through to the end of their mandated process. (Dkt. # 67, Exh. 4).

Reviewing the facts in the light most favorable to plaintiff, the court agrees that defendants are entitled to summary judgment for the reasons stated below.

### III. DISCUSSION

**A.   Standard of Review**

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute

REPORT AND RECOMMENDATION - 5

over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question.  The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases.  <u>Anderson</u>, 477 U.S. at 254; <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. <u>Id</u>.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim.  <u>T.W. Elec. Service Inc.</u>, 809 F.2d at 630 (relying on <u>Anderson</u>, *supra*).  Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990).

**B.     Analysis**

**(1)     Plaintiff Has Failed to Exhaust His Administrative Remedies**

The Prison Litigation Reform Act states that:

> [n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statues of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correction facility, until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

By mandating exhaustion, Congress enabled corrections officials to address prisoner

REPORT AND RECOMMENDATION - 6

complaints internally, often resulting in the correction of administrative problems, the filtering out of frivolous claims, and ultimately a clear record of the controversy. Porter v. Nussle, 534 U.S. 516 (2002). Where exhaustion was once discretionary, it is now mandatory. Id. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Id. at 520.

Although Plaintiff submitted numerous grievances regarding the dental care provided by Dr. Meyers on September 17, 2001, he failed to fully appeal those grievances. (Dkt. # 67, Exh. 4). None of the grievances even mention Defendant Carter and any complaints plaintiff may have concerning her actions or inactions. Id. Plaintiff alleges in his Amended Complaint that he filed grievances, but in response to the question "[i]s the grievance process completed[,]" plaintiff stated "no." Therefore, contrary to the requirements of the Prison Litigation Reform Act, plaintiff has failed to exhaust his available administrative remedies and defendants are both entitled to summary judgment dismissal of plaintiff's claims.

**(2)    Plaintiff Has Failed to State a Claim Under the Eighth Amendment**

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986). Implicit in the second element is a third element of causation. See Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 286-87 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980). When a plaintiff fails to allege or establish one of the three elements,

REPORT AND RECOMMENDATION - 7

his complaint must be dismissed.

In the present case, Plaintiff's only claim is a violation of the Eighth Amendment.  The Eighth Amendment requires prison officials to take reasonable measures to guarantee the health and safety of inmates. <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984); <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  An inmate claiming an Eighth Amendment violation relating to health care must show that the prison officials acted with deliberate indifference to a serious medical need. <u>Estelle v. Gamble,</u> 429 U.S. 97, 104 (1976).  The plaintiff must prove both an objective and a subjective component. <u>Hudson v. McMillan</u>, 503 U.S. 1 (1992); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).  First, the alleged deprivation must be, objectively, "sufficiently serious." <u>Farmer</u>, 511 U.S. at 834.  A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. <u>Helling v. McKinney</u>, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059.  Second, the prison officials must be deliberately indifferent to the risk of harm to the inmate. <u>Farmer</u>, 511 U.S. at 834.  An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." <u>Id</u>. at 837.  Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. <u>Id</u>. at 835.  In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known.  *See* <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).  If one of the components is not established, the court need not inquire as to the existence of the other.  <u>Helling</u>, 509 U.S. 25.

Prison authorities have "wide discretion" in the medical treatment afforded prisoners. <u>Stiltner v. Rhay</u>, 371 F.2d 420, 421 (9th Cir. 1971), *cert. denied*, 387 U.S. 922 (1972).  To prevail on an

REPORT AND RECOMMENDATION - 8

Eighth Amendment medical claim, the plaintiff must "show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), *cert. denied*, 519 U.S. 1029. A claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Simple malpractice, or even gross negligence, does not constitute deliberate indifference. McGuckin, 974 F.2d at 1059. Similarly, a difference of opinion between a prisoner-patient and prison medical authorities regarding what treatment is proper and necessary does not give rise to a § 1983 claim. Franklin, 662 F.2d at 1344; Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

      Plaintiff contends that his Eighth Amendment rights were violated when Dr. Meyers failed to perform a root canal on tooth #20 on September 17, 2001. Reviewing all the facts in the light most favorable to plaintiff, however, it is clear that plaintiff has failed to establish that having the root canal performed on September 17, rather than on October 8, 2001, which was plaintiff's next scheduled appointment, was a "serious medical need" for purposes of the Eighth Amendment.

      Plaintiff alleges that he was in pain and that the "damage was vivid." For purposes of this summary judgment motion, the court accepts that factual statement as true. However, plaintiff has provided no medical evidence to show how his damage or pain was proximately caused by any deliberate medical indifference of Dr. Meyers. Plaintiff has presented no competent medical evidence reflecting that Dr. Meyers failed to comply with the standard of care by delaying the root canal, or in performing the work on plaintiff's other teeth, or that any conduct of Dr. Meyers caused plaintiff any pain or increased his pain or worsened the prognosis of his tooth.

      The record is similarly devoid of evidence of an Eighth Amendment violation. The record

REPORT AND RECOMMENDATION - 9

reflects that during the six weeks between plaintiff's scheduled appointment on October 8 with Dr. Haight, and the September 17 appointment with Dr. Meyers, plaintiff did not declare any dental emergencies or appear at sick call for dental-related complaints. Although plaintiff filed two grievances on October 1 complaining about Dr. Meyer's failure to perform the root canal, he failed to show for his scheduled dental appointment on October 8 to have the root canal performed. Two days after missing his October 8 appointment, plaintiff filed another grievance relating to Dr. Meyers' treatment. Each of the responses advised plaintiff that he had failed to appear for the call-out on October 8, 2001 to have the root canal performed. Plaintiff did not appeal any of those Level I responses. The next three appointments were missed when plaintiff presented for an appointment with tobacco chew in his mouth, when plaintiff had a disagreement with the care provided by Dr. Haight, and when he asked to be removed from the call-out sheet. (Id. at Exh. 2, 3). When Plaintiff was next seen on June 4, 2002, the root canal was started and it was completed on June 24, 2002. (Id.).

A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1028 (9th Cir. 2001). Although plaintiff may disagree with Dr. Meyers' decision to proceed with filling other teeth rather than starting on the root canal on September 17, a difference of opinion regarding what treatment was proper and necessary does not give rise to a § 1983 claim. Additionally, the record reflects that the root canal was completed within the same month and was delayed well past the October 8th appointment date through plaintiff's failure to appear for appointments, cancellation of appointments, and appearance at appointments with tobacco in his mouth. Thus, even accepting plaintiff's allegations that he was in pain when he saw Dr. Meyers as

REPORT AND RECOMMENDATION - 10

true, his action still fails.  The issue is whether Dr. Meyers was deliberately indifferent to plaintiff's serious medical needs.  There is no evidence that he was.  Accordingly, this court finds that plaintiff has failed to state a claim under the Eighth Amendment and that his Amended Complaint should be dismissed.

### (3) Plaintiff Has Failed to Allege and Failed to Show Personal Participation of Defendant Carter

In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981); Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); *see also* Rizzo v. Goode, 423 U.S. 362, 370-71, 375-77 (1976).  Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Rizzo, 423 U.S. at 371.  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978); Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

REPORT AND RECOMMENDATION - 11

Plaintiff does not allege any personal participation by Defendant Carter. Defendant Carter is not mentioned at all in Plaintiff's Amended Complaint except to be named. One can only speculate that Defendant Carter is named because she was the Superintendent of CBCC at the time that plaintiff filed his Amended Complaint and because she responded to some of plaintiff's letters concerning his dental treatment. Defendant Carter was not the Superintendent of CBCC on September 17, 2001, when the dental treatment at issue was rendered to plaintiff, and she had no involvement in Dr. Meyers' decisions regarding the appropriate treatment to provide to plaintiff. Plaintiff's claim against Defendant Carter appears to be based solely on her supervisory role and should be dismissed for failure to allege or show any direct personal participation.

### (4) Qualified Immunity of Federal Officials

Defendants Carter and Meyers urge that they are, in any event, entitled to qualified immunity, from the claims of plaintiff. The court has determined that plaintiff has failed to allege a deprivation of an actual constitutional right, the issue of qualified immunity need not be reached. *See* Conn v. Gabbert, 526 U.S. 286, 290 (1999).[2]

### IV. STATUTE OF LIMITATIONS

Defendants Carter and Meyers also argue that they are entitled to summary judgment because plaintiff did not timely file his amended complaint within Washington's three year statute of limitation applicable to personal injury cases pursuant to RCW 4.16.080(2), which was tolled while the court

---

[2] Under the doctrine of qualified immunity, prison officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A reasonable official could and would have believed that Defendant Carter's conduct was lawful as she had no personal involvement in plaintiff's dental treatment and merely responded by directing an investigation and responding to plaintiff's letters. Likewise, a reasonable dentist could and would have believed that Dr. Meyer's conduct was lawful as there is no evidence that such conduct was not in compliance with the standard of care.

REPORT AND RECOMMENDATION - 12

was considering his motion to proceed *in forma pauperis*. The court does not find it necessary to reach the merits of this argument as plaintiff has failed to allege a constitutional deprivation sufficient to survive summary judgment.

## IV.  CONCLUSION

For the reasons stated above the court should GRANT defendants' motions for summary judgment and dismiss plaintiff's claims with prejudice. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 18, 2006**, as noted in the caption.

DATED this 19th day of July, 2006.

                                                      Karen L. Strombom
                                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 13