UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED CHISOM,

            Plaintiff,

   v.

ESTATE OF DOCTOR MYERS and
SANDRA CARTER,

            Defendant.

Case No.  C04-5583RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 74) and the plaintiff's objections thereto (Dkt. 75). The Court has reviewed the Report and Recommendations, the plaintiff's objections, and the file herein.

### **I. FACTUAL AND PROCEDURAL BACKGROUND**

    At all times relevant to this matter, Fred Chisom was in custody at the Clallam Bar Corrections Center. On July 21, 2001, Mr. Chisom was treated by Dr. Haight in the dental clinic. Mr. Chisom had chewing tobacco in his mouth and was told not to have chewing tobacco for his next appointment. Dkt. 67, Exh. 3 at 33. During this visit, the tooth was medicated and given a temporary filling. Dkt. 67, Exh. 3 at 33. Mr. Chisom was told that he required a root canal. Dkt. 67, Exh. 2 at 20. The procedure was scheduled for September 17, 2001. Dkt. 67, Exh. 3 at 35.

    Mr. Chisom appeared for his September 17, 2001, appointment with chewing tobacco in his mouth. Dkt. 67, Exh. 2 at 20. Dr. Meyers gave Mr. Chisom fillings in two other teeth but did not perform the root canal. *Id.* Dr. Meyers told Mr. Chisom that he worked at the clinic too infrequently to complete the procedure, which requires two appointments scheduled one week apart, and advised that Dr. Haight both finish and complete the root canal. Dkt. 67, Exh. 3 at 35. Dr. Meyers noted in Mr. Chisom's chart that his next appointment was for root canal therapy. Dkt. 67, Exh. 2 at 20. In response to the superintendent's investigation, Dr. Meyers stated that Mr. Chisom was not in pain at this time and consented to having the

1  other fillings. Dkt. 67, Exh. 3 at 35.

2      Mr. Chisom's next scheduled appointment was on October 8, 2001, and he failed to make that
3  appointment. *Id.*

4      Mr. Chisom appeared for a scheduled appointment on October 24, 2001, with tobacco chew in his
5  mouth despite having been told twice before that he would not be treated if he had tobacco in his mouth.
6  *Id.* at 20-21. As a result, he received no treatment on October 24.

7      On November 7, 2001, the superintendent of the Clallam Bay Corrections Center received a letter
8  from Mr. Chisom complaining about the dental treatment he had received and stating his intention to bring
9  suit and defer further treatment until a new dentist was hired. Dkt. 67, Exh. 3 at 33. Due to this
10 correspondence, Mr. Chisom cancelled his November 21, 2001, dental appointment. Dkt. 67, Exh. 2 at 21.
11 In response, the superintendent indicated that Dr. Haight was reluctant to treat Mr. Chisom due to the
12 threat of suit. Dkt. 67, Exh. 3 at 33. On January 28, 2002, Mr. Chisom submitted a kite asking to be
13 removed from the call out sheet for dental treatment. Dkt. 67, Exh. 2 at 21. Mr. Chisom's root canal was
14 ultimately treated in June of 2002. *Id.*

15     The superintendent also received correspondence from Mr. Chisom on December 6, 12, and 21.
16 Dkt. 67, Exh. 3 at 35, 37. Mr. Chisom was reminded not to appear with chewing tobacco in his mouth and
17 was encouraged to declare a dental emergency if he was in pain. *Id.* Mr. Chisom did not declare a dental
18 emergency between July 31, 2001, and September 17, 2001, or between September 17, 2001, and October
19 8, 2001. Dkt. 67, Exh. 2 at 20.

20     The Report and Recommendation (Dkt. 74) recommends that the defendants' motions for summary
21 judgment (Dkt. 67, 69) be granted on the grounds that the plaintiff failed to exhaust his administrative
22 remedies, fails to state a claim under the Eighth Amendment, and fails to state a claim against defendant
23 Sandra Carter.

24 **II. DISCUSSION**

25     As a threshold matter, Mr. Chisom disputes the statements of law set forth in the Report and
26 Recommendation and cites authority stating that "[e]xtreme conduct by custodians that causes severe
27 emotional distress is sufficient." *See* Dkt. 74 at 3. This statement, that deliberate indifference not leading to
28 physical injury is actionable, is inapposite to Mr. Chisom's case because he is not claiming damages from
   emotional distress. *See* Dkt. 42 at 4 (claiming only punitive damages).

ORDER ADOPTING REPORT AND RECOMMENDATION 2

1       Mr. Chisom first objects on the grounds that he exhausted his administrative remedies by appealing to the superintendent. Dkt. 75 at 1. Exhaustion requires that Mr. Chisom utilize every level of administrative review available to him, and he failed to do so by not appealing his grievances to the final level. Dkt. 67, Exh. 4 at 4. He admitted as much in his complaint. Dkt. 42 at 2.

      Mr. Chisom's second and third objections are that he did not give Dr. Meyers permission to work on his other teeth during his September 17, 2001, appointment and that the procedure was completed halfway when his temporary filling came out. Dkt. 75 at 1. This allegation offers nothing new or different from Mr. Chisom's initial allegations and is fully addressed by the Report and Recommendation. *See* Dkt. 74 at 9.

      Mr. Chisom's fourth objection is that he filed an emergency grievance when his filling fell out. Mr. Chisom's dental record reveals no dental emergency filed between Mr. Chisom's July 31, 2001, and September 17, 2001, visits to the dental clinic. Dkt. 67, Exh. 2 at 20. Mr. Chisom failed to create a genuine issue of material fact on this issue.

      Mr. Chisom's fifth objection is that he did not appear for his dental appointments with tobacco in his mouth. Again, this contention is controverted by the record. *See* Dkt. 67, Exh. 3 at 33, 20-21.

### III. ORDER

      Therefore, it is hereby

      **ORDERED** that the Report and Recommendation of Magistrate Judge Karen L. Strombom (Dkt. 74) is **ADOPTED**, and Defendant Carter's Motion for Summary Judgment (Dkt. 67) is **GRANTED**.

      The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

      DATED this 23rd day of August, 2006.

*[signature]*
Robert J Bryan
United States District Judge